**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**TODD BONDS,**

    **Plaintiff,**

  v.

    **Case No. 2:20-cv-5367**
    **Chief Judge Algenon L. Marbley**
    **Magistrate Judge Elizabeth P. Deavers**

**BERNE UNION LOCAL**
**SCHOOLS,** *et al.***,**

    **Defendants.**

**REPORT AND RECOMMENDATION**

Plaintiff Todd Bonds, an Ohio resident proceeding without the assistance of counsel, brings this action against Defendants Berne Union Local Schools ("BULS"), Principal Craig Heath, Athletic Director Daniel Snively, Superintendent John Parker, Fairfield County Jobs and Family Services ("JFS"), Case Worker Leah Armstrong, and Melissa Persinger-Brown.  This matter is before the undersigned for an initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, ECF No. 1-2, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A(b); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action as to Defendants JFS, BULS, Parker, and Heath, but **ALLOW** Plaintiff's action to proceed as to Defendants Armstrong, Snively, and Persinger-

Brown in their personal capacities. It is further **RECOMMENDED** that the Court **GRANT LEAVE** for Plaintiff to **AMEND** his Complaint to the limited extent that Plaintiff believes he may have actionable claims against the Board of Education.

### I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

---

[1] Formerly 28 U.S.C. § 1915(d).

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

Further, when the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3). *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

## II.

Plaintiff, proceeding without the assistance of counsel, asserts various claims against Defendants. (ECF No. 1-2.) Generally, Plaintiff alleges retaliatory and discriminatory acts related to a custody dispute between Plaintiff and his minor child's mother, Defendant Persinger-Brown. (*Id.*) Plaintiff alleges that Defendant Persinger-Brown "is intentionally conspiring" with the other Defendants "to deny Plaintiff his visitation and access to his child." (*Id.* at PAGEID # 13.) Plaintiff's claims arise out of two incidents, one relating to Defendants JFS and Armstrong (the "JFS Defendants"), and one relating to Defendants BULS, Parker, Heath, and Snively (the "BULS Defendants").

First, Plaintiff alleges that the JFS Defendants discriminated against him by intentionally failing to inform him of Defendant Persinger-Brown's incarceration, which Plaintiff alleges denied him of "at least temporary custody of [his] child." (*Id.* at PAGEID # 23.) Plaintiff alleges that the JFS Defendants' actions were racially discriminatory, as Plaintiff is black, and Plaintiff alleges that Defendant Armstrong used a racial epithet during a phone conversation with Plaintiff. (*Id.*) Plaintiff also alleges that the JFS Defendants retaliated against Plaintiff by "issuing a warrant for Plaintiff's arrest for non-payment of [child] support" about a month after the phone call between Plaintiff and Defendant Armstrong. (*Id.* at PAGEID # 11, 24.) Plaintiff further alleges that Defendant Persinger-Brown and the JFS Defendants conspired to interfere

4

with Plaintiff's custody of his minor son while Defendant Persinger-Brown was incarcerated. (*Id.* at PAGEID ## 24-25.)

Next, Plaintiff alleges that the "BULS Defendants" racially discriminated against him. (*Id.* at PAGEID ## 25-26.)  Specifically, Plaintiff alleges that the BULS Defendants intentionally embarrassed Plaintiff by refusing to allow him to attend his son's football game.  (*Id.*)  Plaintiff alleges that Defendant Parker admitted to Plaintiff that Defendant Snively "handled the entire situation incorrectly," and Plaintiff alleges that Defendant Snively is part of a white supremacist militia.  (*Id.*)  Plaintiff also that the BULS Defendants' denial of Plaintiff's attendance at the football game constitutes unlawful retaliation.  (*Id.* at PAGEID ## 26-27.)  Finally, Plaintiff alleges that Defendant Persinger-Brown and the BULS Defendants also conspired to interfere with Plaintiff's custody of his minor son while Defendant Persinger-Brown was incarcerated. (*Id.* at PAGEID ## 27-28.)

As a result of these two incidents, Plaintiff also alleges that all of the Defendants have intentionally interfered and conspired to prevent Plaintiff from having custody of, or access to, his minor son.  (*Id.* at PAGEID # 28.)

Plaintiff seeks injunctive and monetary relief.  (*Id.* at PAGEID # 29.)  Specifically, Plaintiff seeks an order directing JFS and BULS to update their protocols in dealing with non-custodial parents; the immediate termination of Defendants Armstrong and Snively, with declarations that they are ineligible for rehire; and the removal of Plaintiff's minor son from Defendant Persinger-Brown's custody.  (*Id.*)  Plaintiff also seeks $150,000 per Defendant, plus fees and expenses, to be paid wholly and/or severally by the Defendants, as well as any other relief to which he may be entitled.  (*Id.*)

**III.**

The Undersigned concludes that Plaintiff has failed to assert any claim with an arguable basis in law as to Defendants JFS, BULS, Parker, and Heath, but that, construing the Complaint liberally at this preliminary stage, Plaintiff arguably has asserted viable claims against Defendants Armstrong, Snively, and Persinger-Brown in their personal capacities.  The Undersigned also suspects that Plaintiff intends to assert a claim against the BULS Board of Education, rather than against Defendant BULS, and therefore believes that granting Plaintiff leave to amend is an equitable course of action at this early stage of the proceedings.

**A.     Defendant JFS**

The Eleventh Amendment of the United States Constitution operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent.  *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cnty.*, 211 F.3d 331, 334 (6th Cir. 2000).  "It is well established that § 1983 does not abrogate the Eleventh Amendment."  *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).

Defendant JFS, as an "arm of the state," enjoys sovereign immunity.  *See Jones v. Job and Family Servs.*, No. 1:16-cv-1112, 2016 WL 8667830, at *2 (S.D. Ohio Dec. 9, 2016) (noting that the court had previously found that a county department of job and family services "is an 'arm of the state' entitled to sovereign immunity") (citing *Gamble v. Ohio Dep't of Job & Family Servs.*, No. 1:03-cv-452, 2006 WL 38996 (S.D. Ohio Jan. 5, 2006)).  Because Ohio has not waived its sovereign immunity in federal court, it is entitled to Eleventh Amendment immunity from suit.  *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999).  Thus, dismissal pursuant to § 1915(e) of Plaintiff's claims against Defendant JFS is appropriate.

6

B.     **Defendant BULS**

This Court has held that under Ohio law, a school district "does not exist and is not sui juris." *Estate of Olsen v. Fairfield City Sch. Dist. Bd. of Educ.*, 341 F. Supp. 3d 793, 799 (S.D. Ohio 2018) (citing *Mahdy v. Mason City Sch. Dist.*, No. 1:16-CV-845, 2017 WL 25504, at *2 (S.D. Ohio Jan. 3, 2017)).  Instead, it is the board of education of the school district that is the body politic and corporate which is capable of suing and being sued.  *Id.* (citing Ohio Revised Code § 3313.17); *Getachew v. Columbus City Sch.*, Case No. 2:11-CV-861, 2012 WL 748783, at *2 (S.D. Ohio Mar. 8, 2012) (collecting cases); *Thompson v. Bd. of Educ.*, No. 3:12-CV-287, 2013 WL 6001626, at *3 (S.D. Ohio Nov. 12, 2013) ("A school district is not *sui juris*, rather it is the board of education which must be sued.") (internal citation omitted).

Plaintiff affirmatively alleges that Defendant BULS is a school district.  (ECF No. 1-2 at PAGEID # 12.)  Accordingly, Defendant BULS is not capable of being sued, and dismissal pursuant to § 1915(e) of Plaintiff's claims against Defendant BULS is appropriate.  Given Plaintiff's *pro se* status, however, it is **RECOMMENDED** that the Court **GRANT LEAVE** for Plaintiff to **AMEND** his Complaint to the limited extent that Plaintiff believes he may have actionable claims against the Board of Education.

C.     **Defendants Armstrong, Parker, Heath, and Snively**

Plaintiff also asserts claims against Defendants Armstrong, Parker, Heath, and Snively (the "State Officials"), including claims against the State Officials in their official and individual capacities.  (ECF No. 1-2.)  As a preliminary matter, Section 1983 does not permit Plaintiff to bring his claims against the State Officials in their official capacity.  Section 1983 imposes liability only upon a "person" who, under color of law, subjects another person to a deprivation of federal rights.  42 U.S.C. § 1983.  State officials acting in their official capacity are not

7

"persons" under Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, to the extent that Plaintiff brings his claims against the State Officials in their official capacities, those claims are not cognizable. *See Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003) (holding that Section 1983 claims against agents of the state in their official capacity are not cognizable).

To state a claim against a defendant in their individual capacity, a plaintiff must allege personal involvement of the defendant in causing plaintiff's injury. *Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1992). A party cannot be held liable under Section 1983 unless the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). To establish liability under Section 1983 against an individual defendant, a plaintiff must plead and prove that the defendant was personally involved in the conduct that forms the basis of his complaint. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (stating that, "[a]t a minimum a [Section] 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct"). Thus, a claimed constitutional violation must be based on active unconstitutional behavior, *Greene*, 310 F.3d at 899; *Shehee*, 199 F.3d at 300, and cannot be based upon the mere right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, (1981); *Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658 (1978). Plaintiffs must allege defendants were personally involved because "[Section] 1983 liability cannot be imposed under a theory of *respondeat superior*." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted).

At this preliminary stage of litigation, Plaintiff should be permitted to proceed against Defendants Armstrong and Snively, but not for Defendants Parker and Heath.  While Plaintiff alleges that Defendants Armstrong and Snively each personally participated in the incidents from which his complaint arises, Plaintiff does not allege that Defendants Parker and Heath are anything more than witnesses who did not personally participate in the subject incidents.  (ECF No. 1-2.)  In fact, Plaintiff affirmatively alleges that he named Defendants Parker and Heath based on a theory of *respondeat superior*.  (*Id.* at PAGEID # 28.)  This claim, however, is not proper under Section 1983.  *Grinter*, 532 F.3d at 575.  Accordingly, at this juncture, dismissal pursuant to § 1915(e) of Plaintiff's claims against Defendants Parker and Heath is appropriate.  Further, Plaintiff's claim against Defendants Armstrong and Snively, in their personal capacities, should be permitted to proceed, although this Court expresses no opinion as to their merits.

**D.     Defendant Persinger-Brown**

The Undersigned finds that, at this juncture, Plaintiff should be permitted to proceed with his claims against Defendant Persinger-Brown, although this Court expresses no opinion as to their merits.

**IV.**

In sum, the Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's action as to Defendants JFS, BULS, Parker, and Heath, but **ALLOW** Plaintiff's action to proceed as to Defendants Armstrong, Snively, and Persinger-Brown in their personal capacities.  The Undersigned also **RECOMMENDS** that the Court **GRANT LEAVE** for Plaintiff to **AMEND** his Complaint to the limited extent that Plaintiff believes he may have actionable claims against the Board of Education.

## **PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

DATED: February 8, 2021

/s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**