IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TODD BONDS,**

    **Plaintiff,**

v.

Case No. 2:20-cv-5367
Chief Judge Algenon L. Marbley
Magistrate Judge Elizabeth P. Deavers

**BERNE UNION LOCAL**
**SCHOOLS,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion to Recuse Counsel Melvin Davis and the Roster at Reminger, ECF No. 28, Plaintiff's Motion to Recuse Attorney Reid Caryer and the Associate Attorneys Generals, ECF No. 37, and Plaintiff's Motion for Sanctions from Defendant Elizabeth I. Cooke and or Her Attorneys, ECF No. 45.  For the reasons that follow, Plaintiff's Motions are **DENIED**.

**I.**

Plaintiff, proceeding without the assistance of counsel, initiated this action on October 16, 2020.  (ECF No. 1.)  On May 26, 2021, Attorney Elizabeth I. Cooke filed a Notice of Appearance on Plaintiff's behalf.  (ECF No. 10.)  On September 15, 2021, Attorney Cooke filed a Motion to Withdraw as Counsel for Plaintiff, indicating that "Plaintiff and Attorney Cooke have a fundamental disagreement regarding the appropriate course of legal action and communication difficulties."  (ECF No. 16.)  On September 21, 2021, the Court granted Attorney Cooke's motion to withdraw as Plaintiff's counsel.  (ECF No. 17.)  On October 15, 2021, Plaintiff (once again proceeding without the assistance of counsel) filed an Amended

1

Complaint, adding claims against Attorney Cooke and against Defendant Scott Hainer related to Attorney Cooke's brief representation of him in this action. (ECF No. 18.)

Plaintiff now brings the three subject Motions in an effort to "recuse" Defendants' counsel in this case and to sanction Attorney Cooke (now a Defendant in this action) for conduct related to Attorney Cooke's representation of Plaintiff, for a perceived conflict of interest with the Ohio Attorney General's office, and for delayed electronic service of Attorney Cooke's Motion to Dismiss. (ECF Nos. 28, 37, 45.)

## II.

The Court will first address Plaintiff's two motions to "recuse" Defendant's counsel, ECF Nos. 28 and 37, which the Court construes as requests to disqualify counsel. First, Plaintiff seeks to disqualify Attorney Melvin Davis, and the law firm of Reminger Co., L.P.A., because Attorney Davis "is in violation of being a witness of a Defendant in this litigation." (ECF No. 28 at PAGEID ## 312-314.) Specifically, Plaintiff argues that "there is tortious activity by [Attorney] Cooke that is in the electronic mails between [Attorney] Cooke and [Attorney] Davis." (*Id.* at PAGEID # 313.) Plaintiff submits that Attorney Davis' continued representation of Defendants[1] would violate ethical rules which prohibit attorneys from being material witnesses. (*Id.*) In response, Attorney Davis states that he "does not have knowledge of any facts critical to Plaintiff's claim and his former counsel [Attorney] Cooke," and argues that Plaintiff has "failed to articulate any non-privileged information [Attorney Davis] has that could justify him being called as a witness against his client." (ECF No. 32 at PAGEID # 335.) Plaintiff did not file a Reply brief.

---

[1] Attorney Davis is the trial attorney for Defendants Berne Union Local Schools, Craig Heath, Daniel Snively, and John Parker.

Plaintiff also seeks to disqualify Attorney Reid Caryer, "and the rest of the Attorneys General," from representing Defendant Scott Hainer due to a "blatant conflict of interest." (ECF No. 37.) Specifically, Plaintiff notes that he has been working with other attorneys from the Ohio Attorney General's office to investigate potential fraud. (*Id.*) Plaintiff argues that this creates "an egregious conflict" and submits that "the only logical conclusion is to remove [Attorney] Caryer and the Office of the [Attorney General]" from representing Defendant Hainer in this case. (*Id.*) In response, Attorney Caryer argues that "no conflict of interest exists between [his] *legal representation* of [Defendant] Hainer in this public records litigation and the Ohio Attorney General's Consumer Protection Section *responding* to Plaintiff's consumer inquiry." (ECF No. 40 (emphasis in original).) Plaintiff again did not file a Reply brief.

Plaintiff's Motions have no merit. Although District Courts have discretion to disqualify counsel for unethical behavior, "[d]ue to the seriousness of depriving a party of the counsel of his choice, an attorney should only be disqualified 'when there is a reasonable possibility that some specifically identifiable impropriety actually occurred and, in light of the interest underlying the standards of ethics, the social need for ethical practice outweighs the party's right to counsel of his own choice.'" *Wellman v. Supreme Ct. of Ohio*, No. 2:17-CV-391, 2018 WL 1315016, at *2 (S.D. Ohio Mar. 14, 2018), *aff'd*, No. 18-3260, 2018 WL 9651499 (6th Cir. Nov. 13, 2018) (citing *Crosky v. Ohio Dep't of Rehab. & Corr.*, No. 2:09-CV-00400, 2010 WL 1610818, at *2 (S.D. Ohio Apr. 20, 2010) (quoting *United States v. Kitchin,* 592 F.2d 900, 903 (5th Cir. 1979))). "The party seeking disqualification of counsel must identify articulable facts demonstrating a conflict or any legitimate basis for disqualification." *Mitchell v. Columbus Urb. League*, No. 2:18-CV-747, 2019 WL 4727378, at *2 (S.D. Ohio Sept. 27, 2019) (citing *Prado v. Mazeika*, No. 3:16-CV-320, 2016 WL 6947943, at *1 (S.D. Ohio Nov. 28, 2016)).

Regarding Plaintiff's motion to disqualify Attorney Davis, the Court's local rules incorporate the ethical standards of the Ohio Rules of Professional Conduct. *See* S.D. Ohio Local Civ. R. 83.3(h); Model Fed. R. of Disciplinary Enforcement IV(B). At issue here is Rule 3.7, the "Lawyer as Witness" rule:

> (a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless one or more of the following applies:
>
> > (1) the testimony relates to an uncontested issue;
> >
> > (2) the testimony relates to the nature and value of legal services rendered in the case;
> >
> > (3) the disqualification of the lawyer would work substantial hardship on the client.

Ohio R. Prof. Conduct 3.7(a). To prevail on a motion to disqualify under Rule 3.7(a), the movant must demonstrate "the necessity of the testimony" and show "a substantial likelihood of prejudice" if the advocate-witness were to be allowed to serve as counsel at trial. *Mitchell*, 2019 WL 4727378, at *2 (citing *United States v. Poulsen*, No. 2:06-cr-129, 2006 WL 2619852, at *8 (S.D. Ohio Sept. 12, 2006) (emphasis omitted)). "Necessity is determined by consideration of factors such as the significance of the matters, the weight of the testimony, and the availability of other evidence." *Id.* (internal quotation marks omitted). "Prejudice, on the other hand, requires that the testimony be sufficiently adverse to the factual assertions or accounts of events offered on behalf of the client, such that the bar or the client might have an interest in the lawyer's independence in discrediting that testimony." *Id.* (internal quotation marks omitted).

Plaintiff has failed to meet this high bar, especially in light of Attorney Davis' attestation that he "does not have knowledge of any facts critical to Plaintiff's claim and his former counsel [Attorney] Cooke." (ECF No. 32 at PAGEID # 335.) Indeed, it appears to the Court that the only bases for Plaintiff's Motion are allegations that Attorney Davis has referred to Attorney Cooke

4

by the nickname "Betsy," and that Attorney Davis emailed Attorney Cooke (when Attorney Cooke was Plaintiff's counsel) that it was "a pleasure to speak with [her]" about the case. (ECF No. 28 at PAGEID ## 313-314.) Plaintiff appears to extract from these anecdotes and the professionalism between the attorneys a distrustful narrative about Attorney Davis and Attorney Cook. The Court will not entertain Plaintiff's unsupported and sensational conjecture. In the absence of any articulable facts demonstrating a conflict or any legitimate basis for disqualification, Plaintiff's Motion to Recuse Counsel Melvin Davis and the Roster at Reminger, ECF No. 28, is **DENIED**.

As for Attorney Caryer, when deciding a motion to disqualify the Office of the Attorney General, "[a]bsent an independent basis upon which to disqualify the Attorney General applicable to all attorneys, such as a conflict of interest, [a] Court has no power to prevent the Attorney General from representing defendants and plaintiffs have no standing to challenge that representation." *Wellman v. Supreme Ct. of Ohio*, No. 2:17-CV-391, 2018 WL 1315016, at *2 (S.D. Ohio Mar. 14, 2018), *aff'd*, No. 18-3260, 2018 WL 9651499 (6th Cir. Nov. 13, 2018) (citing *Rouse v. Caruso*, No. 06-CV-10961-DT, 2007 WL 209919, at *1 (E.D. Mich. Jan. 24, 2007), *aff'd*, No. CIV 06-10961, 2007 WL 909578 (E.D. Mich. Mar. 23, 2007) (citing *O'Connor v. Jones,* 946 F.2d 1395, 1399-1400 (8th Cir. 1991)); *Manchester v. Rzewinicki,* 777 F.Supp. 319, 325, 328 (D. Del. 1991), *aff'd,* 958 F.2d 364 (3d Cir. 1992); 7 Am. Jur. 2d *Attorney General* § 24 (1997) ("It is generally acknowledged that the attorney general is the proper party to determine the necessity and advisability . . . of defending actions against the state or its officials[.]")).

Here, the Court finds no such conflict, as Plaintiff's inquiry to the Ohio Attorney General's Consumer Protection Section is wholly unrelated to the current action. And even if it

5

were related, Plaintiff does not dispute Attorney Caryer's observation that "the Ohio Attorney General's Consumer Protection Section has since closed Plaintiff's complaint file after Plaintiff did not respond to a request for additional information." (ECF No. 40 at PAGEID # 414 n.1.) As this Court has previously concluded, under such circumstances, "the Court will not disqualify a party's chosen counsel." *Crosky v. Ohio Dep't of Rehab. & Corr.*, No. 2:09-CV-00400, 2010 WL 1610818, at *2 (S.D. Ohio Apr. 20, 2010). "If counsel could be disqualified under these conditions it would be all too easy for opposing parties to harass each other." *Id.* (citing *Kitchen v. Aristech Chem.*, 769 F. Supp. 254, 257 (S.D. Ohio 1991)). Accordingly, Plaintiff's Motion to Recuse Attorney Reid Caryer and the Associate Attorneys Generals, ECF No. 37, is **DENIED**.

## III.

Plaintiff also asks the Court to impose "significant financial sanctions" on Attorney Cooke, in her capacity as a Defendant in this action, for her counsel's failure to serve Plaintiff with a copy of her Motion to Dismiss until February 21, 2022, thirteen (13) days after it was electronically filed. (ECF No. 45.) In response, Attorney Cooke argues that Plaintiff's Motion should be denied "[b]ecause [Plaintiff] was served by electronic mail, as permitted by federal law, and [Plaintiff] was not prejudiced by the electronic mail service." (ECF No. 47.)

Plaintiff's request is not well taken. As a party in this case, even though he is proceeding *pro se*, Plaintiff has an affirmative obligation to monitor the court's docket. *Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) ("[R]egardless of whether email notifications are received, parties continue to have a duty to monitor the court's docket.") (citing *Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 371–72 (6th Cir. 2007)). But even assuming, *arguendo*, that Plaintiff did not have such an obligation, he does not dispute that he was (eventually) properly served by email, nor does Plaintiff suggest, let alone demonstrate, that he was prejudiced by the

6

thirteen-day delay in service. (ECF No. 45.) Indeed, the Court finds that Plaintiff was not prejudiced, as he was able to file a response to the Motion to Dismiss. (ECF No. 44.) Plaintiff has provided no legal basis for the imposition of sanctions, and under these circumstances the Court sees none. Accordingly, Plaintiff's Motion for Sanctions from Defendant Elizabeth I. Cooke and or Her Attorneys, ECF No. 45, is **DENIED**.

## IV.

As a final note, in Plaintiff's Motion for Sanctions from Defendant Elizabeth I. Cooke and or Her Attorneys, ECF No. 45, Plaintiff states that "[t]his is a lawsuit and not a blood sport." (ECF No. 45 at PAGEID # 478.) The Court agrees, and urges Plaintiff to take this sentiment to heart. Although he is proceeding *pro se* and appears concerned about being taken advantage of by the counsel of record in this case, Plaintiff can take comfort in the fact that Federal Rules of Civil Procedure, the Local Rules for the Southern District of Ohio, and the Ohio Rules of Professional Conduct all provide ample protection for Plaintiff against such abuse. Accordingly, the Court urges Plaintiff not to view every dispute or negative interaction with opposing counsel as a "blood sport" which must be contested to a bitter end.

To this end, the Court **CAUTIONS** Plaintiff that his briefing has contained unnecessary personal attacks on the opposing parties and counsel in this case, as well as inflammatory rhetoric which only distracts from the legal issues and works against the spirit of common courtesy and decency that this Court's Local Rules promote. Especially as it relates to Defendant Cooke and Attorney Davis, Plaintiff's briefing has crossed the line and the Court will not countenance future disparagement or harassment.

7

**V.**

For these reasons, Plaintiff's Motion to Recuse Counsel Melvin Davis and the Roster at Reminger, ECF No. 28, Plaintiff's Motion to Recuse Attorney Reid Caryer and the Associate Attorneys Generals, ECF No. 37, and Plaintiff's Motion for Sanctions from Defendant Elizabeth I. Cooke and or Her Attorneys, ECF No. 45, are **DENIED**.

**IT IS SO ORDERED.**

Date:  May 2, 2022                                       /s/ *Elizabeth A. Preston Deavers*
                                                                    ELIZABETH A. PRESTON DEAVERS
                                                                    UNITED STATES MAGISTRATE JUDGE