**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **TODD BONDS,** | : | |
| | : | **Case No. 2:20-cv-5367** |
| **Plaintiffs,** | : | |
| | : | **Chief Judge Algenon L. Marbley** |
| **v.** | : | |
| | : | **Magistrate Judge Kimberly A. Jolson** |
| | : | |
| **BERNE UNION LOCAL SCHOOLS,** *et al.,* | : | |
| | : | |
| **Defendants.** | : | |

## OPINION & ORDER

This matter is before this Court on numerous motions from multiple parties, including Motions for Judgment on the Pleading from Defendants Berne Union Local School District Board of Education ("the Board"), Craig Heath, John Parker and Daniel Snivley (ECF No. 26) as well as from Defendant Scott Hainer (ECF No. 31). This Court also entertains Defendant Elizabeth Cooke's Motion to Dismiss (ECF No. 36) and Plaintiff's Motion for Entry of Default (ECF No. 42), Motion to Strike (ECF No. 43) and Motion for Default Judgment (ECF No. 55).

Pursuant to the following analysis, Defendants' Motions (ECF Nos. 26, 31, 36) are **GRANTED**. Plaintiff's Motion for Default Judgment (ECF No. 55) is **GRANTED in part and DENIED in part**, while his Motions for Entry of Default (ECF No. 42) and to Strike (ECF No. 43) are **DENIED**.

## I. BACKGROUND

Mr. Bonds initiated this suit stemming from a school district official denying him access to a football game in which his son was playing. (*See generally* ECF No. 18). More broadly, Plaintiff raises several allegations related to the custody of his fifteen-year-old son, several allegedly unfulfilled public records requests as well as his previous counsel's representation. (*Id.*).

This Court recently detailed the factual background of Plaintiff's Complaint. (ECF No. 8 at 2–3). Upon review, the factual background underpinning the Amended Complaint is almost identical to that in Plaintiff's initial complaint. As such, for the sake of brevity, this Court only details the procedural developments since Plaintiff filed his Amended Complaint.

On May 17, 2021, this Court adopted in part and modified in part the Magistrate Judge's Report and Recommendation on Plaintiff's initial Complaint and granted Plaintiff leave to amend. (ECF No. 8). Shortly thereafter, attorney Elizabeth I. Cooke, of The Ohio State University, Michael E. Moritz College of Law, Civil Clinic, filed a notice of appearance on Plaintiff's behalf. (ECF No. 10). Several months later, Ms. Cooke sought withdrawal, citing "fundamental disagreement regarding the appropriate course of legal action." (*Id*. at 6). The Court granted Ms. Cooke's Motion, and Plaintiff proceeded *pro se*. (ECF No. 17). On October 15, 2021, Plaintiff filed his Amended Complaint, asserting claims against previously named Defendants Snively, Heath, Parker, Armstrong, and Persinger-Brown, as well as claims against newly named Defendants the Board, Cooke, and Hainer. (ECF No. 18). Plaintiff contemporaneously sought leave to add Defendants Cooke and Hainer, which the Magistrate Judge granted. (ECF No. 19).

In the following months Defendants filed their respective dispositive motions (ECF Nos. 26, 31, 36) and Plaintiff filed several of his own (ECF Nos. 42, 43, 55). Each Motion has been fully briefed and is ripe for resolution by this Court.

## II. LEGAL STANDARDS

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Nevertheless, "basic pleading essentials" still are required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Among

2

such essentials are the obligations under Federal Rule of Civil Procedure 8(a) to provide "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief."

A motion for judgment on the pleadings attacks the sufficiency of the pleadings and is reviewed under the same standard applicable to a motion to dismiss under Rule 12(b)(6). *Ziegler v. IBP Hog Mkt.*, 249 F.3d 509, 511–12 (6th Cir.2001). "A motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005). Consequently, the Court must construe the complaint in the light most favorable to the nonmoving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir.2008). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 555 (2007)).

Federal Rule of Civil Procedure 12(b)(2) provides for the dismissal of a claim based on the lack of personal jurisdiction. When challenged, the plaintiff bears the burden of establishing personal jurisdiction over each defendant "independently." *Beydoun v. Wataniya Rest. Holding, Q.S.C.*, 768 F.3d 499, 504 (6th Cir. 2014) (quotation omitted). District courts have three options for ruling on a motion to dismiss under Rule 12(b)(2). *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). Where, as here, the court considers only the parties' written submissions, "the plaintiff must make only a *prima facie* showing that personal jurisdiction exists." *Id*. The plaintiff cannot "rest on his pleadings to answer the movant's affidavits, but must set forth, by affidavit or otherwise[,]... specific facts showing the court has jurisdiction." *Id*. (quotation

3

omitted). When ruling on a motion to dismiss without conducting an evidentiary hearing, courts must consider the pleadings and affidavits in the light most favorable to the nonmoving party. *Beydoun*, 768 F.3d at 504.

Rule 12(b)(5) provides that an action may be dismissed for "insufficient service of process." The requirements for service of process are provided in Rule 4 of the Federal Rules of Civil Procedure. A plaintiff "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington–Fayette Urban County Government*, 18 Fed. App'x 285, 287 (6th Cir. 2001) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)). Courts may look to "record evidence" and "uncontroverted affidavits" to determine whether plaintiffs have met this burden. *Pension Ben. Guar. Corp. v. Uforma/Shelby Bus. Forms, Inc.*, 2014 WL 221941, at *2 (S.D. Ohio 2014). "A district court judgment dismissing a complaint for failure to effect timely service of process" is reviewed under the abuse of discretion standard. *Abel v. Harp*, 122 F. App'x 248, 250 (6th Cir. 2005) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)).

## III. LAW AND ANALYSIS

In his Amended Complaint, Plaintiff asserts ten (10) causes of action against eight (8) Defendants. (*See generally* ECF No. 18). Given that multiple Defendants (through multiple motions) have moved to dismiss the claims asserted against them, this Court evaluates each claim in the Amended Complaint and the parties' arguments thereto.[1] First, however, the Court evaluates the adequacy of service of the Amended Complaint and resolves Plaintiff's Motions.

---

[1] This Court only discusses the claims in the Amended Complaint that the moving Defendants seek to dismiss. Accordingly, as detailed at the conclusion of this Opinion and Order, the claims not discussed remain live. This includes Count Two, with is asserted against Defendant Armstrong only. (ECF No. 18 at ¶¶ 62–67).

4

### A. Service of the Amended Complaint on Defendants Hainer & Cooke

In their respective motions, both Defendants Hainer and Cooke argue that because they were not properly served, the claims against them should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5). (ECF No. 31 at 5–7; ECF No. 36 at 6–7). Mr. Hainer argues service was deficient because, although a copy of the Amended Complaint and summons were mailed to his place of employment, he did not receive them, as they were signed for by someone named "DB." (ECF No. 31 at 6). Mr. Hainer represents that "DB" is not his authorized agent and argues that Plaintiff has not presented any evidence to the contrary. (*Id.*). Ms. Cooke argues that she was not properly served as the Amended Complaint was sent to an Ohio State University building at which she does not work, and because the return receipt bears no signature. (ECF No. 36 at 7). Both Defendants maintain that given Plaintiff's improper service, this Court lack jurisdiction over the claims asserted against them and dismissal is appropriate. (*Id.* at 8; ECF No. 36 at 7).

In response, regarding Defendant Hainer, Plaintiff argues that "[t]he Court gave the proper Orders regarding serving the summons for Hainer[,]" and because "DB" signed the return receipt, service was proper. (ECF NO. 38 at 4–5). Plaintiff maintains that he was granted leave to proceed *in forma pauperis*, which requires he be afforded "assistance [with] all the documents for the initial service." (*Id.* at 4). Furthermore, concerning Ms. Cooke, Plaintiff argues that she was properly served, and regardless, she "clearly knew she was being sued by virtue of the filing [of an] Answer." (*Id.* at 3–4). Given that each was properly served, Plaintiff maintains that this Court has jurisdiction over the claims asserted against Defendants Hainer and Cook. (*Id.*).

Federal Rule of Civil Procedure 12(b)(5) provides that an action may be dismissed for "insufficient service of process." The Sixth Circuit has held that "without proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named

5

defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012). Absent "personal jurisdiction, a federal court is powerless to proceed to an adjudication." *Boulger v. Woods*, 917 F.3d 471, 476 (6th Cir. 2019) (quoting *King*, 694 F.3d at 655); *see also Chulsky v. Golden Corral Corp.*, No. 1:19-CV-875, 2022 WL 293340, at *4 (S.D. Ohio Feb. 1, 2022) ("If a court lacks personal jurisdiction over a party, for example, a court is powerless to take further action against that party.") (collecting cases) (internal quotations omitted). When a plaintiff is proceeding *in forma pauperis*, as Plaintiff is here, the U.S. Marshall must effectuate service upon the defendants:

> Together, Rule 4(c)(2) and 28 U.S.C. 1915(c) stand for the proposition that when a plaintiff is proceeding *in forma pauperis* the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process *once reasonable steps have been taken to identify for the court the defendants* . . . .

*Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (emphasis added). Explicit in this mandate, as is generally the case under Rule 4, an *in forma pauperis* plaintiff must still take "reasonable steps to identify . . . the defendants named in the complaint." *Id*.

Here, this Court finds that Plaintiff did not take "reasonable steps to identify . . . the defendants named in the complaint." *Id*. Neither Mr. Hainer nor Ms. Cooke were personally served, nor were copies of the Amended Complaint mailed to their dwelling. Fed. R. Civ. P. 4(e). This was not a "failure by the district court and the Marshals Service to carry out their duties[,]" but rather Plaintiff's failure properly to identify Defendants residence or place of employment. *See cf. Donaldson v. United States*, 35 F. App'x 184 (6th Cir. 2002) (recognizing that once an *in forma pauperis* plaintiff has properly identified the defendants in the complaint, any deficiency in service falls on the district court and/or the Marshal). Moreover, despite Plaintiff's arguments to the contrary, "the fact that the defendants had actual notice of the suit is . . . immaterial." *Ecclesiastical*

*Ord. of the Ism of Am, Inc. v. Chasin*, 845 F.2d 113, 116 (6th Cir. 1988) (citing *Sieg v. Karnes*, 693 F.2d 803, 807 (8th Cir. 1982)).

Accordingly, given that Plaintiff failed adequately to serve Defendants Hainer and Cooke, this Court lack personal jurisdiction over the claims asserted against them. As such, Defendants Hainer and Cooke are hereby **DISMISSED** from this case.

\* \* \*

As detailed above, absent personal jurisdiction, this Court is powerless to proceed to an adjudication. For the sake of thoroughness, and considering the liberal construction afforded to *pro se* filings, this Court nonetheless evaluates the merits of Plaintiff's claims against Defendants Hainer and Cooke. As detailed below, these claims fail as a matter of law.

### B. Plaintiff's Motions

Between March and May 2022, Plaintiff filed a Motion for Entry of Default (ECF No. 42), a Motion to Strike (ECF No. 43) and a Motion for Default Judgment (ECF No. 55). As responses were either timely filed, or the time for doing so has passed, each Motion is ripe for review.

#### 1. Motion for Entry of Default against Defendant Cooke

Plaintiff's March 3, 2022, Motion for Entry of Default against Defendant Cooke seemingly asks for both an entry of default pursuant to Federal Rule of Civil Procedure 55(a) and a default judgment pursuant to Rule 55(b)(2). (ECF No. 42). Plaintiff alleges Ms. Cooke's responsive pleading was filed beyond the twenty-one (21) day deadline imposed by the Federal Rules, and therefore, default is appropriate. (*Id.*). Ms. Cooke timely responded to Plaintiff's Motion, arguing that she has still not been properly served, and regardless she has moved to dismiss, each which prevents the entry of default. (ECF No. 46). Because she has not "failed to plead or otherwise

defend" this action, Ms. Cooke asserts that both entry of default and default judgment are inappropriate. (*Id*. at 3–4). This Court agrees.

Rule 55(a) provides that when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend itself and that failure is demonstrated by affidavit or otherwise, the clerk must enter the party's default. Fed. R. Civ. P. 55(a). Once a default is entered, well-pled facts of the complaint concerning liability are accepted as true. *United States v. Cunningham*, No. 07–cv212, 2009 WL 112831, at *3 (S.D. Ohio Jan.15, 2009); *U.S. S.E.C. v. Sierra Brokerage Servs. Inc.*, No. C2-03-CV-326, 2009 WL 862307, * 1 (S.D. Ohio Mar. 31, 2009) ("To obtain a default judgment . . . there must first be an entry of default . . . .")).

Beginning with Plaintiffs' request for default judgment, that request is "premature because an entry of default has not yet been entered." *Sierra Brokerage Servs. Inc.*, 2009 WL 862307 at *1; *United Coin Meter Co. v. Seaboard Coastline RR.*, 705 F.2d 839, 844 (6th Cir.1983) (setting forth the proper sequence for motions under Rule 55). Furthermore, Plaintiff has not sufficiently specified in his Motion the amount he seeks in damages and has not provided supporting affidavits or calculations for those figures. *Sierra Brokerage Servs. Inc.*, 2009 WL 862307 at *1.

Plaintiff's request for the entry of default is similarly flawed. "[A]n entry or judgment of default may be entered appropriately only when a defendant has been properly served." *Tower v. Amazon.com, Inc.*, No. 15-CV-2405, 2016 WL 4398521, * 6 (S.D. Ohio Aug. 18, 2016) (citing *Sandoval v. Bluegrass Regional Mental Health-Mental Retardation Bd.*, No. 99-5018, 2000 WL 1257040, at *5 (6th Cir., July 11, 2000)). As detailed above, Plaintiff failed properly to serve Ms. Cook. (*See supra* at Part III(A)). As such, neither an entry of default nor default judgment is appropriate. *See id*. (denying motion for default, where plaintiff had not properly served defendants). Accordingly, Plaintiff's Motion for Entry of Default (ECF No. 42) is **DENIED**.

2. *Motion for Default Judgment against Defendants Armstrong & Brown-Persinger*

On May 5, 2022, Plaintiff moved for default judgment against Defendants Leah Armstrong and Melissa Brown-Persinger. (ECF No. 55). Here again, despite the title of Plaintiff's Motion, he appears to be seeking both an entry of default pursuant to Federal Rule of Civil Procedure 55(a) and a default judgment pursuant to Rule 55(b)(2). Plaintiff asserts that both Ms. Armstrong and Ms. Brown-Persinger have been properly served, and the time for them to file responsive pleadings has since passed. (*Id.* at 3). Given this, Plaintiff asks that the "Clerk enter a [d]efault." (*Id.* at 4).

As previously detailed, "[t]o obtain a default judgment . . . there must first be an entry of default . . . . *Sierra Brokerage Servs. Inc.*, 2009 WL 862307 at *1. To the extent Plaintiff seeks default judgment against Ms. Armstrong and Ms. Brown-Persinger, that would be premature as there has yet to be an entry of default against these Defendants.

Plaintiff has also requested the entry of a default under Rule 55(a). (ECF No. 55 at 4). Having reviewed the record and Plaintiff's supporting affidavit (*id.* at 6), the Court finds that an entry of default pursuant to Fed. R. Civ. P. 55(a) is appropriate based on Ms. Armstrong's and Ms. Brown-Persinger's failure to answer the Complaint and to otherwise plead or defend themselves in this action. Accordingly, Plaintiff's Motion for Entry of Default against Defendants Armstrong and Brown-Persinger is **GRANTED**, while his Motion for Default Judgment against these Defendants is **DENIED without prejudice**. The clerk is **DIRECTED** to file an entry of default against Defendants Armstrong and Brown-Persinger.

3. *Motion to Strike*

Shortly after seeking default against her, Plaintiff moved to strike Defendant Cooke's Motion to Dismiss (ECF No. 36) arguing that it is untimely. (ECF No. 43 at 3). Given this, and because Ms. Cooke was (allegedly) properly served, Plaintiff argues that Ms. Cooke's untimely

Motion should be stricken. (*Id*. at 3–4). Ms. Cooke responded timely to Plaintiff's Motion, asserting that she had not been properly served, and therefore, her Motion to Dismiss was not late. (ECF No. 48 at 1–2). Moreover, Ms. Cooke argues that Plaintiff's Motion is inapplicable because her Motion is not a "pleading" within the meaning of Fed. R. Civ. P. 12(f). (*Id*. at 3).

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The plain language of this Rule indicates that motions to strike may only be made in relation to pleadings, which are defined by Rule 7(a) [as] . . . complaints, answers, replies to counter-claims, answers to cross-claims, third-party complaints, and third-party answers." *Newsom v. Xenia City Sch. Dist. Bd. of Educ.*, No. C-3-95-173, 1996 WL 1089865, *2 (S.D. Ohio Mar. 25, 1996). Though motions to strike are "disfavored" when they "serve only to delay," courts may grant such motions when they "expedite" cases by "remov[ing] unnecessary clutter." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989). In particular, "courts have liberal discretion to strike inappropriate filings." *Sheets v. U.S. Bank, Nat'l Assoc.*, 2014 WL 5499382, at *2 (E.D. Mich. Oct. 30, 2014).

As Ms. Cooke argues, "under the Federal Rules of Civil Procedure, motions are not pleadings, and therefore are not subject to motions to strike under Rule 12(f)." *Newsom*, 1996 WL 1089865 at *2; *Dawson v. City of Kent*, 682 F. Supp. 920, 922 (N.D. Ohio 1988) (Rule 12(f) "relates only to pleadings and is inapplicable to other filings"); *Ernest Seidelman Corp. v. Mollison*, 10 F.R.D. 426, 427 (S.D. Ohio 1950) ("Rule 12(f) is applicable only to motions to strike portions of 'pleadings.'"). Because Ms. Cooke's Motion to Dismiss is not considered a "pleading," Plaintiff cannot rely on Rule 12(f) to strike it from the docket. Moreover, even were Rule 12(f) the proper vehicle, as detailed above, Plaintiff failed properly to serve Ms. Cooke. Therefore, Ms.

Cooke's Motion cannot be considered untimely. *See Lloyd v. Pokorny*, No. 2:20-cv-2928, 2020 U.S. Dist. LEXIS 260349, at *9 (S.D. Ohio June 11, 2020)("[I]f the [defendants] were never served with the Amended Complaint, their time to respond never began to run."). Accordingly, Plaintiff's Motion to Strike (ECF No. 43) is **DENIED**.

### C. Defendants' Arguments on Plaintiff's Amended Complaint

*1. Count One – Discrimination*

Plaintiff alleges that Defendant Armstrong and Fairfield County Jobs and Family Services[2] "intentionally denied informing [him] of his son's mother being incarcerated[,]" in an effort to deny Plaintiff temporary custody of his son during that period. (ECF No. 18 at ¶¶ 58–59). The motivation for this, says Plaintiff, was "racism" and "negative stereotypes [on the] worthlessness of black fathers." (*Id*., ¶ 59). In his Motion for Judgment on the Pleadings, Defendant Snively argues that this claim should be dismissed against him because he is not included in any of the factual allegations in the Amended Complaint. (ECF No. 26 at 5). Plaintiff does not address this argument in his response to Snively's Motion.

While Defendants Snively and Cooke are identified in the heading of Count One of the Amended Complaint, the claim does not include any factual allegations against either. (*See* ECF No. 18 at ¶¶ 56–61). Accordingly, because Plaintiff has failed "plausibly [to] allege" Defendant Snively or Cooke was involved in the alleged discrimination, this claim is hereby **DISMISSED** against each. This discrimination claim may still proceed against Defendant Armstrong.

---

[2] Fairfield County Jobs and Family Services has been dismissed as a Defendant in this action. (ECF No. 8 at 5).

## 2. Count Three – Discrimination

In his second discrimination claim, Plaintiff alleges that the Board, Ms. Cooke, and Mr. Snively[3] discriminated against him based on race. (ECF No. 18 at ¶¶ 68–78). The Board argues that Plaintiff's discrimination claim fails because he has not included any allegations that the Board treated him differently than similarly-situated individuals. (ECF No. 26 at 6). The Board asserts that the Amended Complaint is void of any factual allegations on whether other parents had greater access to the requirements to attend football games as well as on any discriminatory policy that precluded Plaintiff from attending his son's football game. (*Id.*). Ms. Cooke asserts that this claim fails because Plaintiff does not allege that she treated him differently than other similarly situated individuals. (ECF No. 36 at 9). Moreover, Ms. Cooke argues that Plaintiff's claim is truly one for legal malpractice, the pleading requirements for which he also fails sufficiently to allege. (*Id.* at 7–8). In response to both Motions, Plaintiff does not substantively argue this claim. (*See* ECF Nos. 34, 44). Rather, Plaintiff hurls *ad hominem* attacks at Ms. Cooke and the Board. (*Id.*).

The Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. To establish a claim of race discrimination against the Board, under the Equal Protection Clause, Plaintiff must demonstrate that he was treated differently than non-minority parents. *Soper v. Hoben*, 195 F.3d 845, 852 (6th Cir. 1999). Similarly, to establish a claim of race discrimination against Ms. Cooke, Plaintiff must demonstrate that he was treated differently than non-minority clients referred to the University's legal clinic. *Id.* Plaintiff's equal protection claim fails because he has failed to identify any specific similarly situated person or group who was treated differently than him. *See Paterek*

---

[3] While the Board seeks the dismissal of this claim, Defendant Snively does not. (ECF No. 26 at 5 ("[O]nly the discrimination claim against Snively should be permitted to proceed."). As such, pursuant to this Court's previous analysis (ECF No. 8), Plaintiff's second discrimination claim shall proceed against Defendant Snively.

12

*v. Vill. of Armada, Mich.*, 801 F.3d 630, 649 (6th Cir. 2015) (quoting *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011)). Without a viable allegation of disparate treatment, Plaintiff fails the "threshold element of an equal protection claim." *Scarbrough v. Morgan Cty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006); *see also Ctr. for Bio-Ethical Reform*, 648 F.3d at 379 ("To state an equal protection claim, a plaintiff must adequately plead that the government treated [him] disparately as compared to similarly situated persons and that such [] treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.")

Given the foregoing, Count Three of Plaintiff's Amended Complaint is **DISMISSED** against Defendants Cooke and the Board. As previously detailed (ECF No. 8), this claim shall proceed against Defendant Snively.

### 3. Counts Four & Nine – Retaliation

In his first retaliation claim, Plaintiff alleges that Defendants Parker, Heath, Cooke, and the Board retaliated against him in violation of federal law. (ECF No 18 at ¶¶ 79–96). In his second retaliation claim, Plaintiff alleges that Defendants Parker, Heath, and the Board retaliated against Plaintiff for filing this lawsuit by intentionally delaying providing the records he has requested. (ECF No. 18 at ¶¶ 119–124). Defendants Parker, Heath, and the Board argue that Plaintiff's allegations on either claim are insufficient to establish a plausible claim that Plaintiff was retaliated against or that he was subject to any "adverse action." (ECF No. 26 at 7–9). Similarly, Ms. Cooke argues that her actions within this litigation cannot be the causal connection required for a retaliation claim, as the alleged adverse action predates her representation of Plaintiff. (ECF No. 36 at 12). In response, Plaintiff maintains that he has sufficiently pled a retaliation claim against each Defendant. (ECF Nos. 34, 44). He alleges that Defendants Parker, Heath, Cooke and the Board "block[ed] [his] emails" and had their legal counsel respond to his records requests, in

retaliation for pursuing litigation. (ECF No. 34 at 8–9). Regarding Ms. Cooke, Plaintiff argues that she tried "to stagnant the progress of Plaintiff in this litigation by withdrawing from the case because" he "questioned her suggestions." (ECF No. 44 at 9).

Under the First Amendment, a plaintiff may bring a claim for retaliation when she suffers an adverse consequence for engaging in protected conduct. To state a claim, a plaintiff must allege: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between the protected conduct and the adverse action. *Bell v. Johnson*, 308 F.3d 594, 602 (6th Cir. 2002) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)). Whether an activity is protected, or an action is adverse, depends on the context. *Id*. (citing *Thaddeus-X*, 175 F.3d at 388).

Even considering the liberal construction afforded to *pro se* complaints, this Court finds that Plaintiff has failed to allege a cognizable retaliation claim against any Defendant. Each instance of protected conduct or adverse action alleged, fails to survive Rule 12(b)(6). Beginning with the Board, Plaintiff asserts he was subject to two alleged adverse actions: (1) the sending of his son's report card by U.S. mail, rather than email; and (2) having the Board's legal counsel respond to his public records request. (ECF No. 18 at ¶¶ 85, 93). This Court does not find that either of these actions would "'deter a person of ordinary firmness' from the exercise of the right at stake." *Thaddeus-X v. Blatter*, 175 F.3d 378, 386 (6th Cir. 1999) (quoting *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982)). As the Sixth Circuit held in *Thaddeus-X*, allowing a plaintiff to bring First Amendment retaliation claims for any adverse action no matter how minor, "'would trivialize the First Amendment.'" 175 F.3d at 397 (quoting *Bart*, 677 F.2d at 625). Plaintiff's allegation that Defendants Parker and Heath failed to respond to his requests for information and

14

for various public records, also cannot constitute an "adverse action." While this action is likely too minor to be considered "adverse," it fails for another reason. Plaintiff's requests were responded to by the Board's legal counsel. Allowing their employer's legal representative to respond to Plaintiff's requests, rather than responding themselves, does not constitute these Defendants subjecting Plaintiff to "adverse action."

Regarding Defendant Cooke, this Court finds that Plaintiff has not alleged a causal connection between his request and the purported adverse action taken by Ms. Cooke. Plaintiff makes no effort to establish how Ms. Cooke's withdrawal from representation leads to Defendants' filing dispositive motions in this case. Rather, he simply quotes the claim requirements and lobs personal attacks at Ms. Cooke. *See Iqbal*, 129 S. Ct. at 1949 (recognizing that the Court is not required to accept as true mere legal conclusions unsupported by factual allegations).

Accordingly, Counts Four and Nine of Plaintiff's Amended Complaint are **DISMISSED**.

### 4. Count Five – Intentional Negligence

Plaintiff alleges, in Count Five of the Amended Complaint, that Defendants Snively and the Board are liable for "intentional negligence," for prohibiting him from attending his son's football games. (ECF No. 18 at ¶¶ 97–102). These Defendants argue that, because immunity applies to the dissemination of information about the attendance requirements for athletic events, Plaintiff's negligence claim against them must be dismissed. (ECF No. 26 at 9–10). As a political subdivision, and an employee thereof, the Board and Mr. Snively assert that they are immune from liability unless an exception found under Ohio Revised Code § 2744.02(B) applies. (*Id*. at 10). These Defendants argue that the only exception which could apply, the negligent performance of a proprietary function, fails because Ohio courts have held that extracurricular activities are an extension of the educational process and have found political subdivisions to be entitled to

15

immunity for claims stemming from such activities. (*Id.* (citing *Perkins v. Columbus Bd. of Edn.*, 10th Dist. No. 13AP-803, 2014-Ohio-2783, ¶12)). Plaintiff does not specifically respond to these arguments, stating only that the Board "is [] negligent in the constant stonewalling for open records and not allowing Plaintiff Due Process in regards to his son's education." (ECF No. 34 at 6).

As a political subdivision of the state defined under § 2744.01(F), the Board is entitled to a broad grant of immunity from liability for "any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." Ohio Rev. Code Ann. § 2744.02(A)(1). There are, however, exceptions to this immunity, including "where an injury resulting from the negligence of an employee of a political subdivision occurs within or on the grounds of buildings that are used in connection with the performance of governmental functions." *Hubbard v. Canton Bd. of Educ.*, 780 N.E.2d 543, 547 (2002) (defining the scope of § 2744.02(B)(4)). The burden is on Plaintiff to establish that this, or any of the exceptions to statutory immunity, apply in this case. *Allen v. Clark*, No. 1:13–CV–00326, 2014 WL 3016075, at *9 (S.D. Ohio July 3, 2014).

Plaintiff has not satisfied his burden. Plaintiff does not defend his negligence claim against the Board or Mr. Snively in any of his pleadings, let alone argue that an exception statutory immunity applies to his claim. Since Plaintiff presents no facts or argument to defend his negligence claim against them, the Board and Mr. Snively City may be considered immune from these claims. Accordingly, Plaintiff's Intentional Negligence claim is **DISMISSED**.

### 5.  Count Six – Due Process

Next, Plaintiff alleges that the Board's "policies grossly and blatantly infringe upon the rights of non-custodial parents." (ECF No. 18 at ¶ 106). Plaintiff maintains that these policies, as enforced by Defendant Snively, deprived him of his right to due process. (*Id.*). The Board and Mr.

Snively argue that this claim fails because Plaintiff has not alleged any governmental action that deprived him of a fundamental right. (ECF No. 26 at 11). Rather, say these Defendants, Plaintiff missed one football game because he did not have a voucher. (*Id*.). "The voucher requirement did not amount to a substantive due process violation and, therefore, the claim should be dismissed[,]" they argue. (*Id*.). As before, Plaintiff does not substantively respond to Defendants' arguments on this claim. (*See* ECF No. 34).

Substantive due process is "'[t]he doctrine that governmental deprivations of life, liberty or property are subject to limitations regardless of the adequacy of the procedures employed.'" *Range v. Douglas*, 763 F.3d 573, 588 (6th Cir. 2014) (citation omitted). Substantive due process affords only those protections so rooted in the traditions and conscience of our people as to be ranked as fundamental. *In re City of Detroit*, 841 F.3d 684, 699 (6th Cir. 2016). "These rights are 'implicit in the concept of ordered liberty, such that neither liberty or justice would exist if they were sacrificed.'" *Id*. (citation omitted). Thus, the list of fundamental rights "is short" and "seldom expanded." *Id*. "Rights derived from state law, as opposed to the constitution, usually do not make the cut." *Id*. As such, most state-created rights that qualify for procedural due process protections do not rise to the level of substantive due process protection. *Id*. The Sixth Circuit has held that "under rational basis review, . . . a purported rational basis may be based on 'rational speculation unsupported by evidence or empirical data' and need not have a foundation in the record." *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 770 (6th Cir. 2005).

This Court finds that Plaintiff has not alleged a violation of a fundamental right in the context of the substantive due process claim. Therefore, the Court will apply rational-basis review. *See Stolz v. J & B Steel Erectors, Inc.*, 439 F. Supp. 3d 980, 989 (S.D. Ohio 2020) (explaining that "in the absence of any fundamental right" a due process challenge receives only rational basis

review). Defendants assert that the reasons Plaintiff was denied access to his son's football game was that he failed to present a ticket voucher as required under the school's policy. This is certainly a rational basis for denying Plaintiff entry to the game. *See In re Flint Water Cases*, 384 F. Supp. 3d 802, 844 (E.D. Mich. 2019) ("Under rational basis review, official decisions are afforded a strong presumption of validity. . . . And even at the motion to dismiss stage, this presents a formidable bar for plaintiffs to surmount.").

Accordingly, Plaintiff's Due Process claim is hereby **DISMISSED**.

### 6. Count Seven – Ohio's Open Records Law

Plaintiff alleges that the Board violated Ohio's Open Records Law by failing to respond to his records request regarding his son's suspension. (ECF No. 18 at ¶¶ 110–114). Furthermore, Plaintiff asserts that, as the public records director for the Ohio State University, Defendant Hainer, failed to respond fully to his public records request for several of Defendant Cooke's emails. (*Id.*). The Board asserts that, because mandamus is only the appropriate remedy to compel compliance with the Ohio's Public Records Act, Plaintiff's claim is not properly before this Court. (ECF No. 26 at 11). Defendant Hainer, meanwhile, argues that "this Court lacks personal jurisdiction because Ohio—and by extension state instrumentalities (the University) and agents (Hainer)—has not consented to be sued in federal court" for alleged public records violations. (ECF No. 31 at 3). Because there has been no such consent, Mr. Hainer argues that sovereign immunity bars Plaintiff's claim. (*Id.* at 5). In response, Plaintiff argues that Defendant Hainer "is not entitled [to] any form of immunity as Open Records Acts do not employ immunity for trying to circumvent a citizen's rights." (ECF No. 38 at 6). Because the requested records relate to Ms. Cooke's representation of him, Plaintiff asserts he is entitled to them.[4] (*Id.* at 7).

---

[4] Plaintiff does not respond to the Board's arguments on this claim.

Both Defendants are correct. First, as argued by the Board, "[m]andamus will lie and is indeed the appropriate remedy to compel a public office to disclose records." *Smith v. City of Dayton, Ohio*, 68 F.Supp.2d 911, 916 (S.D. Ohio 1999); *Gray v. City of Cincinnati*, No. 1:03CV119, 2006 WL 2193187, *11 (S.D. Ohio Aug. 1, 2006) (granting defendants summary judgment on plaintiff's public records claim because it was not filed in mandamus). Accordingly, as he did not pursue the proper vehicle for his claim, Plaintiff's Ohio's Open Records Law claim against the Board is **DENIED without prejudice**.

Meanwhile, Ohio State University is a state instrumentality and Hainer a state agent. *See Hall v. Med. College of Ohio at Toledo*, 742 F.2d 299, 302 (6th Cir. 1984); *Bailey v. Ohio St. Univ.*, 487 F. Supp. 601, 604–06 (S.D. Ohio 1980). While the State of Ohio, as well as its instrumentalities and agents, have consented to be sued in Ohio's courts of claims (O.R.C. § 2743.02(A)(1)), they have not waived immunity from suit in federal court. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir.1985). The Ohio Public Records Act's specific waiver of immunity in its courts of claims is not a proxy for waiving Ohio's instrumentalities' Eleventh Amendment immunity from suit in federal courts. *Id.* (citing *Edelman v. Jordan*, 415 U.S. 651, 677 n. 19, (1974)). Accordingly, because Defendant Hainer is entitled to Eleventh Amendment immunity from suit before this Court, the claims against him are **DISMISSED**.

### 7. Count Eight – Conspiracy

Plaintiff alleges that Defendants Heath, Parker, Persinger-Brown and the Board conspired together to withhold information that Plaintiff's son had broken the law on school grounds. (ECF No. 18 at ¶¶ 115–118). In response, Defendants Heath, Parker and the Board argue that Plaintiff has failed to plead an actionable civil conspiracy claim because Plaintiff does not include any specific facts establishing a conspiracy, let alone an intercorporate conspiracy with Defendant

Persinger-Brown. (ECF No. 26 at 12). Moreover, say these Defendants, Plaintiff does not allege that a conspiratorial plan existed based on racial animus. (*Id.*). Plaintiff responds that this claim "is clearly warranted as the element of state actors in a plot to deprive Plaintiffs rights (access to his son's educational records, public records and more) show the elements of a [c]onspiracy . . . ." (ECF No. 34 at 9). By working together to deny him access to his son's education, Plaintiff alleges these Defendants have conspired to deprive him of his constitutional rights. (*Id.*).

This Court previously denied Plaintiff's civil conspiracy claim without prejudice, holding that Plaintiff failed to state a claim because he had not made any specific allegations of a conspiracy between Mr. Snively and Ms. Persinger-Brown, the only non-employee defendant in this matter. (ECF No. 8 at 11–12). This Court finds that Plaintiff's claim fares no better on amendment. The Amended Complaint contains merely three substantive sentences on the alleged civil conspiracy. (*See* ECF No. 18 at ¶¶ 116–118). Once again, Plaintiff has failed to make any specific allegations of a conspiracy between Mr. Snively and Ms. Persinger-Brown. The simple claim that Defendants "are in cahoots in not informing [Fairfield County Jobs and Family Services] that a minor child has broken the law on school grounds[,]" is not sufficient. Accordingly, and for the same reasons detailed in its previous Opinion and Order (ECF No. 8), Plaintiff's civil conspiracy claim is hereby **DISMISSED**.

### 8. *Count Ten – Spoliation*

Plaintiff levies a spoliation claim against Defendants Snively, Cooke and the Board, arguing that Mr. Snively deleted his Instagram account and Ms. Cooke recorded a Zoom meeting with Plaintiff and discarded it. (ECF No. 18 at ¶¶ 130, 131). The Board and Snively argue that this claim should be dismissed as there is no independent cause of action for spoliation under federal law. (ECF No. 26 at 13). The Board and Snively maintain that Plaintiff's claim also fails under

state law because there are no allegations that Snively deleted his accounts with the intent of disrupting Plaintiff's case or that the deletion of this information somehow disrupts Plaintiff's ability to pursue his case or caused him damages. (*Id*. at 14). Ms. Cooke, meanwhile, argues that the Zoom meeting at issue was not recorded and accordingly no recording was destroyed. (ECF No. 36 at 10). Even still, argues Ms. Cooke, Plaintiff has failed to assert a *prima facie* case of spoliation. (*Id*. at 11). Plaintiff responds, albeit only to Defendant Cooke, by arguing that he has offered sufficient evidence for a *prima facie* spoliation claim. (ECF No. 44 at 5). Beyond this assertion, however, Plaintiff does not offer any substantive argument.

While federal law does indeed govern sanctions as they pertain to trial and discovery after *Adkins*, there is no independent federal cause of action, or "substantive law," for spoliation of evidence. *Cummerlander v. Patriot Preparatory Acad. Inc.*, 86 F. Supp. 3d 808, 828 (S.D. Ohio 2015); *Adkins v. Wolever*, 554 F.3d 650, 652 (6th Cir. 2009). To recover on a claim for spoliation of evidence under Ohio law, a plaintiff must prove: (1) pending or probable litigation; (2) knowledge that litigation exists or is probable; (3) willful destruction of evidence, designed to disrupt plaintiff's case; (4) disruption of the plaintiff's case; and (5) damages proximately caused by the defendant's acts. *Smith v. Howard Johnson Co., Inc.*, 67 Ohio St.3d 28, 29 (1993).

As Defendants correctly argue, "[t]here is simply no evidence in the record to support willful destruction, as required to sustain a cause of action for destruction of evidence/spoliation." *Nayyar v. Mount Carmel Health Sys.*, No. 2:10-CV-00135, 2013 WL 2418072, *10 (S.D. Ohio June 3, 2013). Plaintiff has presented no evidence which would even suggest that the motivating factor behind Mr. Snively deleting his social media account was this litigation or motivated by any other animus. Moreover, regarding Ms. Cooke, Plaintiff has not rebutted her contention that no recordings were ever made, let alone deleted. Given these factual insufficiencies, Plaintiff has

failed to state a claim for spoliation and this claim is **DISMISSED**. *Nayyar*, 2013 WL 2418072 at

*10 (dismissing plaintiff's state law spoliation claim where there was no evidence of record that

defendant willfully destroyed the documents at issue).

**IV. CONCLUSION**

Pursuant to the following analysis, Defendants' Motions (ECF Nos. 26, 31, 36) are

**GRANTED**. Plaintiff's Motion for Default Judgment (ECF No. 55) is **GRANTED in part and**

**DENIED in part**, while his Motions for Entry of Default (ECF No. 42) and to Strike (ECF No.

43) are **DENIED**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: September 21, 2022**