IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TODD BONDS, | : |
| Plaintiff, | : Case No. 2:20-cv-5367 |
| v. | : Chief Judge Algenon L. Marbley |
| BERNE UNION LOCAL SCHOOLS *et al.*, | : Magistrate Judge Elizabeth P. Deavers |
| Defendants. | : |

**OPINION & ORDER**

This matter is before this Court on Defendant Leah Armstrong's Motion to Set Aside Entry of Judgment (ECF No. 67) regarding this Court's order granting entry of default against her (ECF Nos. 57; 86). For the reasons stated below, Defendant's Motion is **GRANTED**.

**I.  BACKGROUND**

Mr. Bonds initiated this suit on October 16, 2020, stemming from a school district official denying him access to a football game in which his son was playing. (*See generally* ECF Nos. 1; 18). More broadly, Plaintiff raised ten allegations related to the custody of his fifteen-year-old son, discrimination against him as a Black male, and retaliation against him by government officials related to child support he owed. (*Id.*). This Court already detailed the factual background of this case, (*see* ECF No. 8 at 2–3) and thus, focuses on the procedural history relevant to this motion.

In response to earlier rulings, Plaintiff filed an Amended Complaint on October 15, 2021. (ECF No. 18). On May 5, 2022, Plaintiff moved for an Entry of Default and Default Judgment against Defendant Armstrong. (ECF No. 55). On September 21, 2022, this Court dismissed Counts IV–X in their entirety and several defendants against who Plaintiff failed to state a claim. (ECF No. 57). This Court also granted Plaintiff's Motion for Entry of Default against Defendant

1

Armstrong. (*Id.* at 9). Only three counts and two defendants remain: (1) Counts I for discrimination and II for retaliation against Leah Armstrong, the Fairfield County Job and Family Services ("FCJFS") Case Worker who oversees collection of child support from Plaintiff for his son; and (2) Count III for discrimination against Daniel Snively, the Athletic Director at Plaintiff's son's school. (*Id.*). As it relates to Ms. Armstrong, Plaintiff alleges that she called him a racial slur when he inquired about his child support responsibilities. (ECF No. 69 at 7).

On December 23, 2022, Armstrong filed a Motion to Set Aside this Court's ruling granting the Motion for Entry of Default against her. (ECF No. 67). Plaintiff and Defendant Armstrong have both filed responsive pleading; therefore, this matter is ripe for review. (ECF No. 69; 72).

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 55(c), a party may move to set aside an entry of default "for good cause." In determining whether "good cause" has been shown, courts must consider: "(1) whether culpable conduct of the defendant led to default; (2) whether the defendant has a meriotorious defense; and (3) whether the plaintiff will be prejudiced." *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006) (quoting *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)); Fed. R. Civ. P. 55(c). "Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir. 1983) (internal citations omitted); *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 841 (6th Cir. 2011).

## III. LAW & ANALYSIS

Defendant Armstrong moves this Court to set aside its September 21, 2022 Entry of Default against her. Specifically, Armstrong argues that someone with the initials "ASM" or "DSM" signed for service of summons, which are not her initials and not the initials of anyone who had

2

authority to sign on her behalf. (ECF No. 67 at 4, 6–7). She alleges she was not made aware of the litigation until December 22, 2022 when she was informed by her employer, FCJFS, that Plaintiff had made a public records request on December 19, 2022 within which Plaintiff referenced this litigation. (*Id.* at 4–5, 8). She argues that she should be afforded the opportunity to advance defenses of statutory immunity pursuant to qualified immunity as a government official and O.R.C. § 2744, which governs tort liability for political subdivisions in Ohio. (*Id.* at 8–9). Armstrong denies the claims made against her, and because Armstrong has yet to be served any pleadings, she maintains that this court lacks personal jurisdiction over her. (*Id.* at 7).

Plaintiff counters that Armstrong is lying in her affidavit and that she is "involved in a conspiracy to deprive Plaintiff of his civil rights to engage with his son." (ECF No. 69 at 4–5). Plaintiff argues that Armstrong was aware of the litigation as he had made requests for personnel files from other FCJFS employees in the beginning of December 2022. (*Id.* at 5). Plaintiff argues Kelly Shoemaker, Armstrong's supervisor, signed for the documents served and Shoemaker should have informed Armstrong of the summons. (*Id.* at 5). Plaintiff maintains that granting this Motion would prejudice him and further delay an already two-year-old case. (*Id.* at 8–9).

Armstrong reiterates that Plaintiff has still yet to serve her any pleadings, and service upon another employee of FCJFS, regardless of their position, does not meet the service requirements. (ECF No. 72 at 4). Further, Armstrong argues that none of the exhibits Plaintiff attached to his Response demonstrate service or that he would be prejudiced by this Court granting this Motion, but instead reference her performance reviews. (*Id.* at 5–6).

1. *Culpable Conduct of Defendant*

First, "[t]o be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those

3

proceedings." *Dassault Systemes*, 663 F.3d at 841 (*quoting Shepard Claims Serv. Inc. v. William Darrah & Associates*, 796 F.2d 190, 194 (6th Cir. 1992)). Armstrong alleges that she first learned of this litigation and the entry of default against her on December 22, 2022, and filed a Motion to Set Aside the Entry of Default the following day. Even though Plaintiff argues that other employees at FCJFS were aware of the litigation as early as December 2, 2022 (ECF No. 69 at 5), Plaintiff presents no evidence that Armstrong was also aware at that earlier date. Therefore, this Court is led to conclude that Armstrong acted quickly to remedy the situation. *See Krutko v. Franklin Cnty., Ohio*, No. 2:11-CV-610, 2012 WL 104541, at *2 (S.D. Ohio Jan. 12, 2012) (citing *Dassault*, 663 F.3d at 839) (declining to find willfulness where the defendant showed no intentional disregard for obligations and made every effort to remedy the mistake once it came to his attention). Second, neither federal nor Ohio law permit service at a person's place of work, unless service is personally effectuated to that individual or their representative. Fed. R. Civ. P. 4(e)(2); Ohio Civ. R. 4.1. Therefore, it was Plaintiff's responsibility to ensure proper service, and not the fault of Armstrong.

## 2. Meritorious Defense

"A defense is meritorious if it is good at law." *Dassault*, 663 F.3d at 843 (citing *United States v. $22,050.00 United States Currency*, 595 F.3d 318, 326 (6th Cir. 2010)). The standard is not "whether a defense is likely to succeed on the merits" but rather "whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Id.* (internal quotation omitted). It is well established that public officials are entitled to qualified immunity from suits for damages, to "shield them from undue interference with their duties and from potentially disabling threats of liability." *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982). The defenses advanced by Armstrong—qualified immunity as a government employee

4

under state and federal law—prove the possibility that the outcome of trial could be contrary to adverse judgment by default. Thus, this factor weighs in favor of setting aside the entry of default.

### 3. Prejudice to Plaintiff

To deny a motion to set aside an entry of default, a plaintiff must show prejudice beyond mere delay. *United Coin Meter*, 705 F.2d at 845. A plaintiff must demonstrate "that delay will 'result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987) (*quoting Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)); *Amernational Ind. Inc. v. Action-Tungram Inc.,* 925 F.2d 970, 977 (6th Cir. 1991) (same).

Plaintiff's only argument as to prejudice is that he would "have to pay for examining dates for future proceeding involving another Defendant" after the litigation has been ongoing for two years. (ECF No. 69 at 8). While Plaintiff's allegation is unclear, he appears to argue that there may be additional costs associated with litigation against Armstrong. He does not provide any evidence, however, of estimated costs or that it would substantially increase the difficulties of discovery and progression of the case. *Johansen v. Blue Raven Solar, LLC*, No. 20-CV-2930, 2020 WL 6270864, at *1 (S.D. Ohio Oct. 26, 2020) (concluding that lack of evidence demonstrating significant hardship should entry of default be set aside does not meet the prejudice to plaintiff prong).

Because all factors weigh in favor of granting Defendant Armstrong's Motion to set aside entry of default, Defendant's Motion is granted.

### IV. CONCLUSION

For the foregoing reasons, Defendant Armstrong's Motion to Set Aside Entry of Default is **GRANTED**. (ECF No. 67). This Court **VACATES** the Clerk's entry of default. (ECF No. 86).

5

Defendant has twenty-one (21) days from the date of this Order to file an answer to Plaintiff's Amended Complaint.

  **IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: August 16, 2023**